IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**ANTHONY ROBINSON, #L7736**                                                      **PLAINTIFF**

**VERSUS**                                      **CIVIL ACTION NO.  2:11-cv-1-KS-MTP**

**FORREST COUNTY, et al.**                                                      **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, an inmate of the Mississippi Department of Corrections, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status.  On February 23, 2011, this Court entered an order [7] directing the Plaintiff to file a written response to provide specific information regarding his claims, on or before March 16, 2011.  The Plaintiff was warned that his failure to keep this Court advised of his current address or failure to timely comply with any order of this Court may result in the dismissal of this case.  Plaintiff failed to comply with this order.

On March 31, 2011, an order [8] was entered directing the Plaintiff to show cause, on or before April 15, 2011, why this case should not be dismissed for his failure to comply with the Court's February 23, 2011 order.  In addition, Plaintiff was directed to comply with the Court's order by filing a written response, on or before April 15, 2011.  The show cause order warned Plaintiff that failure to timely comply with the requirements of the order would lead to the dismissal of his complaint, without further notice.  Plaintiff did not comply with the show cause order.

Plaintiff has failed to comply with two court orders and he has not contacted this Court

since January 14, 2011.  This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*.  *See generally, Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998);  *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  *See Rice v. Doe*, 306 Fed. App'x 144 (5th Cir. 2009).  Since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v.  Smith*, 201 Fed. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED, this the 3rd day of June, 2011.

> *s/ Keith Starrett*
> UNITED STATES DISTRICT JUDGE